UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-14-04195-MWF (AJWx)          Date:  July 2, 2014
Title:     Gabriel Segura -v- Wells Fargo Bank, N.A., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [10]

    This matter is before the Court on Plaintiff Gabriel Segura's Ex Parte Application for Temporary Restraining Order and Order to Show Cause (the "Application"), filed on June 25, 2014.  (Docket No. 10).  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed an Opposition to Plaintiff's *Ex Parte* Application for a Temporary Restraining Order (the "Opposition") on June 26, 2014.  (Docket No. 12).  For the reasons stated below, the Court **DENIES** the Application for a Temporary Restraining Order and the Application for an Order to Show Cause Re: Preliminary Injunction.

    Segura seeks a temporary restraining order ("TRO") enjoining Wells Fargo and persons acting on its behalf from commencing or continuing with any unlawful detainer action or other attempt to evict Segura from the real property located at 6055 Quail Court, Santa Maria, California 93455 (the "Subject Property").  While this request is broad, Segura only specifically describes one attempt by Wells Fargo to evict him.  On June 19, 2014, Segura received notice of an unlawful detainer action, which was filed against him in the Santa Barbara County Superior Court that same day.  (App. at 2; Declaration of Gabriel Segura ¶ 9 (the "Segura Declaration") (Docket No. 10-2)).  Segura argues that the unlawful detainer action is based on the wrongful foreclosure of his home, and that he is likely to succeed on the merits of his wrongful foreclosure claim, which is pending in this action.  (App. at 2).

---

**CIVIL MINUTES—GENERAL**                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-14-04195-MWF (AJWx)　　　　Date: July 2, 2014
Title:　　Gabriel Segura -v- Wells Fargo Bank, N.A., et al.

　　　　The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Carrillo v. Schneider Logistics, Inc.*, 823 F. Supp. 2d 1040, 1042 (C.D. Cal. 2011). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Where the balance of hardships tips sharply in the plaintiff's favor and the plaintiff has demonstrated a likelihood of irreparable harm, however, the plaintiff need only show that "serious questions" exist as to success on the merits. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). "A preliminary injunction is an 'extraordinary and drastic remedy' . . .; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2007) (citations omitted).

　　　　As a preliminary matter, Segura has not established that he will suffer irreparable harm in the absence of a TRO. He argues that his "right, title, and interest in the Subject Property will be forever tainted and potentially forever lost" if the unlawful detainer action proceeds. (App. at 6). However, it appears that his right, title, and interest in the Subject Property were already tainted and lost when the Trustee's Deed Upon Sale conveying all interest in the Subject Property to Wells Fargo was recorded on February 19, 2014. (Segura Decl. ¶ 7). To the extent that Segura may potentially lose a place to live through the unlawful detainer action, he has not explained why he cannot adequately present his defenses to eviction in the Santa Barbara County Superior Court. Wells Fargo has argued that "California state courts are well-equipped to evaluate the legitimacy of Plaintiff's argument that Wells Fargo failed to comply with California law in conducting the foreclosure." (Opp. at 3). The Court has no reason to doubt that the state court will afford Segura a fair forum to assert his defenses to eviction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-04195-MWF (AJWx)          **Date:** July 2, 2014
**Title:**     Gabriel Segura -v- Wells Fargo Bank, N.A., et al.

      More importantly, the Court has no authority under the Anti-Injunction Act to enjoin the unlawful detainer action filed in Santa Barbara County Superior Court. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions" in the statute. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). The three exceptions "must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Moreover, "[i]t is settled that the prohibition of [section] 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line*, 398 U.S. at 287.

      None of the three exceptions apply here.

      *First*, an injunction against the unlawful detainer actions is not expressly authorized by Congress.

      *Second*, the injunction sought is not necessary to aid this Court's jurisdiction. "A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court." *Michener v. Wells Fargo Home Mortgage*, C 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012)

      *Third*, this Court has not issued any judgment that must be protected or effectuated by the injunction that Segura seeks.

      The finding that no exception to the Anti-Injunction Act applies is supported by case law. "A number of district courts have held that a request for a TRO enjoining a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-04195-MWF (AJWx)      **Date:** July 2, 2014

**Title:** Gabriel Segura -*v*- Wells Fargo Bank, N.A., et al.

state court unlawful detainer action does not fall into one of the three exceptions listed in the Act." *Id.* (listing cases)

    Therefore, the Application is **DENIED** in its entirety.

    Wells Fargo's Request for Judicial Notice in Support of Defendant Wells Fargo Bank, N.A.'s Opposition to Plaintiff's Application for Temporary Restraining Order (Docket No. 13) is **DENIED** as moot because the Court resolved this Application without relying on the documents submitted for judicial notice.

    IT IS SO ORDERED.